■ In the Matter of STANLEY MAZUR, Respondent, v. NEW PROCESS GEAR DIVISION, CHRYSLER CORPORATION, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeals from decisions of the Workmen's Compensation Board, filed April 12, 1971 and September 14, 1972. The board found that claimant sustained an accidental back injury while changing into his work shoes on November 17, 1969, which injury arose out of and in the course of employment and was causally related to the accident of November 17, 1969. Claimant, employed as a machine operator, reported to work on that date, punched the employer's time clock and went to the locker and dressing room to change the boots he was wearing into special oil-proof metal-tipped work shoes. He sat down on a bench and was in the process of removing his boots when he felt a sharp pain down his left leg. Primarily, appellant contends that the alleged back injury was attributable solely to the personal act of claimant while he was engaged in dressing and, therefore, did not arise out of and in the course of his employment, citing *Matter of Kaplan* v. *Zodiac Watch Co.* (20 N Y 2d 537). We do not agree. Under the facts revealed by this record, the change from personal shoes to special work shoes was a reasonable incident of claimant's employment and bore a direct relation to it. The *Kaplan* case involved an injury suffered by an employee while out of town on his employer's business and the accident in that case could not be attributed in any way to claimant's employment environment. Appellant's other contentions are equally tenuous, the evidence presenting no more than the usual conflict of medical opinions. The board's determination is supported by substantial evidence and should be affirmed. Decisions affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Greenblott, Sweeney, Main and Reynolds, JJ., concur.